UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: WILLIAM T. GLASS, | { | CHAPTER 13 |
| | { | |
| DEBTOR(S) | { | CASE NO. A14-71740-MGD |
| | { | |
| | { | JUDGE DIEHL |

## OBJECTION TO CONFIRMATION

COMES NOW MARY IDA TOWNSON, TRUSTEE herein, and objects to Confirmation of the plan for the following reasons:

1. The Debtor(s)' payments under the proposed plan are not current.

2. The Debtor(s)' Statement of Financial Affairs is inaccurate and/or incomplete; the Trustee is unable to determine the feasibility of the proposed plan. 11 U.S.C. Section 1325(a)(6); specifically, question 9 omits credit counseling and filing fees.

3. The Chapter 13 budget fails to provide for the monthly expense of post-petition income tax liability on self-employment income of $2,835.00 per month, and tax escrow slips have not been submitted; thereby, indicating that the proposed budget and Plan are infeasible, 11 U.S.C. Section 1325(a)(6).

4. The Debtor(s) is self-employed; however, the Chapter 13 budget and schedules do not include an itemization for business expenses; thereby preventing the Trustee from evaluating feasibility, in violation of 11 U.S.C. Section 1325(a)(6).

5. The Chapter 13 petition and schedules fail to disclose wearing apparel, in violation of 11 U.S.C. Section 521.

6. The Debtor(s)' plan fails to provide that all net, unexempt proceeds from the Debtor(s) pending/anticipated lawsuit shall be paid to the Trustee for distribution to the general unsecured claims timely filed and allowed as required by 11 U.S.C. Section 1325(b)(1)(B).

Mary Ida Townson, Chapter 13 Trustee
Suite 2200 – 191 Peachtree Street, N.E.
Atlanta, GA 30303-1740
(404) 525-1110
eds@atlch13tt.com

    7. The Chapter 13 petition fails to include a debt owed to a homeowners association creditor, in violation of Bankruptcy Rule 1007(a)(1) and 11 U.S.C. Section 1325(a)(3).

    8. The Chapter 13 plan fails to provide for the contribution to the plan, the $364.00 per month lease expense when the lease expires; thereby, possibly indicating a lack of good faith in proposing this repayment plan, 11 U.S.C. Section 1325(a)(3).

    9. The proposed plan fails to provide for the treatment of Sun Trust Mortgage, Inc.  However, said creditor has filed a secured arrearage claim.

    WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny Confirmation of this Debtor's (s') Plan and to dismiss the case; or, in the alternative, convert the case to one under Chapter 7.

    December 18, 2014

    _____/s/_____
K. Edward Safir, Attorney
for Chapter 13 Trustee
GA Bar No. 622149

Mary Ida Townson, Chapter 13 Trustee
Suite 2200 – 191 Peachtree Street, N.E.
Atlanta, GA  30303-1740
(404) 525-1110
eds@atlch13tt.com

A14-71740-MGD

## CERTIFICATE OF SERVICE

This is to certify that I have this day served

DEBTOR(S):

WILLIAM T. GLASS
810 CREEK VIEW LANE
ROSWELL, GA 30075

ATTORNEY FOR DEBTOR(S):

HERBERT C. BROADFOOT, II
RAGSDALE, BEALS, SEIGLER, ET AL.
2400 INTERNATIONAL TOWER
229 PEACHTREE STREET, N.E.
ATLANTA, GA 30303

in the foregoing matter with a copy of this pleading by depositing in the United States Mail a copy of same in a properly addressed envelope with adequate postage thereon.

This 18th day of December 2014


_____/s/_____
K. Edward Safir, Attorney
for Chapter 13 Trustee
GA Bar No. 622149




Mary Ida Townson, Chapter 13 Trustee
Suite 2200 – 191 Peachtree Street, N.E.
Atlanta, GA  30303-1740
(404) 525-1110
eds@atlch13tt.com